USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/16/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
KENNY JEAN BAPTISTE,

                Petitioner,        08 Civ. 8026 (DAB)
-against-                                ORDER

SUPERINTENDENT ROBERT ERCOLE,
Green Haven Correctional Facility;
ROBERT M. MORGENTHAU,
New York County District Attorney; and
ANDREW CUOMO,
New York State Attorney General,

                Respondents.
------------------------------------X
DEBORAH A. BATTS, United States District Judge.

    On March 19, 2009, United States Magistrate Judge James C. Francis IV issued a Report and Recommendation ("Report"), recommending that the petition for habeas corpus in this matter be denied. (Report at 1, 12.) For the reasons set forth below, the Report and Recommendation of Magistrate Judge Francis dated March 19, 2009 shall be adopted in its entirety. Accordingly, the Court dismisses the petition with prejudice.

I. BACKGROUND

    The facts and procedural history are set forth in detail in Magistrate Judge Francis' Report and are recounted only as necessary to address Petitioner's Objections. (See Report at 1-6.)

    During jury deliberations at Petitioner's criminal trial in

New York State Supreme Court, the jury sent Justice Joan Sudolnik several notes requesting clarification of the jury instructions. (Tr. 1513-24.) The final question from the jury was: "[i]s there anything in the law that prevents an accidental act from being considered as Murder in the Second Degree, under the theory of recklessness with depraved indifference?" (Tr. at 1524-25; Court Ex. 5.) Before responding, Justice Sudolnik discussed her response with both trial Counsel. There were no objections from either Party, and Defense Counsel specifically indicated that he believed that the instruction given in response to the jury's question was a "fair response." (Tr. at 1529.) The instruction provided to the jury was:

> I can't answer that question in the way it's phrased. If I had answered that question, I would remind you again that the law requires the jury to look at all the circumstances surrounding the incident on the street and determine whether the defendant's conduct, whatever conduct you find he did or did not engage in, satisfies the legal definition of Murder in the Second Degree, as charged in Count 2; that is, did the defendant engage in reckless conduct which created a grave risk of death to another person under circumstances evincing a depraved indifference to human life. I hope that responds to your question. If not, you can send me another note.

(Tr. at 1530.)

Just over an hour later, the jury found Petitioner guilty of murder in the second degree under circumstances evincing a depraved indifference to human life. (Tr. at 1532.)

Petitioner now argues that the trial court's instruction was erroneous and that the jury's verdict was a direct result of that error. Petitioner previously appealed the issue within the state court system. (See Answer, Docket #8, at Ex. A. (Petitioner's Appellate Division Brief)). The Appellate Division, First Department ("Appellate Division"), while deciding another of Petitioner's arguments on its merits, found that the issue Petitioner now raises was unpreserved and, in the interest of justice, declined to review it. See People v. Jean-Baptiste, 833 N.Y.S.2d 31, 35 (N.Y. App. Div. 1st Dep't 2007) ("Defendant's remaining claims are unpreserved and we decline to review them in the interest of justice. Were we to review those claims, we would find them to be without merit."). Petitioner requested but was denied leave to appeal. See People v. Jean-Baptiste, 9 N.Y.3d 877, 842 N.Y.S.2d 789 (N.Y. 2007).

II.  Objections to the Report and Recommendation

"Within fourteen days after being served with a copy [of a Magistrate Judge's Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C). The court may adopt those portions of the report

to which no timely objection has been made, as long as there is no clear error on the face of the record. <u>Wilds v. United Parcel Serv., Inc.</u>, 262 F.Supp.2d 163, 169 (S.D.N.Y. 2003). A district court must review <u>de novo</u> "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." <u>Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.</u>, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); <u>see also</u> <u>Ortiz v. Barkley</u>, 558 F.Supp.2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (citation and internal quotation marks omitted). After conducting the appropriate levels of review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C).

The objections of <u>pro se</u> parties are "generally accorded leniency and should be construed to raise the strongest arguments that they suggest." <u>Howell v. Port Chester Police Station</u>, 2010

4

WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010) (citation omitted). "Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Id. (quoting Pinkney v. Progressive Home Health Servs., No. 06-CV-5023, 2008 U.S. Dist. LEXIS 55034, at *2-3 (S.D.N.Y. July 21, 2008) (internal quotations marks omitted)).

Pro Se Petitioner filed timely Objections to the Report on March 25, 2009. Specifically, Petitioner objects to Magistrate Judge Francis' finding that his claim is procedurally barred. For the following reasons, having conducted a de novo review of the objected-to portions of the Report, the Court adopts the Report in its entirety and denies the Petition.

III. Procedural Default

Petitioner has objected to the Report's finding that his claim that his due process rights were violated when the trial court "fail[ed] to meaningfully respond to a question from the jury regarding the Central [sic] issue" in his criminal case is procedurally barred.

5

State procedural bars operate to prevent Federal habeas review on the merits if "the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar." Levine v. Commish. of Corr. Servs., 44 F.3d 121, 126 (2d Cir. 1995) (quoting Harris v. Reed, 489 U.S. 255, 263 (1989)).

Under New York State law, a claim is not preserved for appeal unless raised at trial. N.Y. C.P.L. § 470.05(2). Here, Petitioner does not dispute that he failed to object to the jury instruction he now challenges at the time it was given. Instead, Petitioner objects on the basis that the Appellate Division did not expressly state that its decision denying review of the purported erroneous jury instruction rested on a state procedural bar.

Petitioner's cites Jones v. Stinson, 229 F.3d 112 (2d Cir. 2000) in support of his assertion. In Jones, the Second Circuit held that a petition was not procedurally barred, where there was no state court holding that the issue raised was unpreserved as a matter of state law. See Jones at 118 ("While the appellate division set forth the factual predicate for a finding of procedural default, it never actually stated that the issue was not preserved.")  Here, conversely, the Appellate Division clearly stated, after deciding one issue on the merits, that the

6

remaining issues Petitioner had raised on appeal — including the issue currently in dispute — were unpreserved. See Jean-Baptiste, 833 N.Y.S.2d at 35 ("Defendant's remaining claims are unpreserved and we decline to review them in the interest of justice."). Accordingly, Jones is inapposite and does not support Petitioner's argument. Accordingly, the Court finds Petitioner's Objection to be without merit.

IV. Conclusion

Having reviewed the objected-to portions of the Report and Recommendation of United States Magistrate Judge James C. Francis dated January March 19, 2009 de novo, and having reviewed the remainder of the Report for clear error, the Court APPROVES, ADOPTS, and RATIFIES the Report in its entirety. The Petition is DISMISSED with prejudice and on the merits.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; see United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 8 L. Ed. 2d 21, 82 S. Ct. 917 (1962).

The Clerk of the Court is directed to dismiss the petition with prejudice and to close the docket in this case.

SO ORDERED.

Dated:   New York, New York

   February 16, 2011

*Deborah A. Batts*

DEBORAH A. BATTS
United States District Judge